## ZEIGER v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
May 3, 1929.

No. 4101.

Charles A. Karch, of East St. Louis, Ill., for appellant.

Harold G. Baker, of East St. Louis, Ill., for the United States.

Before ALSCHULER and EVANS, Circuit Judges, and LUSE, District Judge.

PER CURIAM. Judgment was entered in the District Court upon a verdict finding appellant guilty of conspiracy to violate the National Prohibition Act (27 USCA), by manufacturing and possessing liquor, and possessing liquor distilling apparatus.

The sole question here is whether or not the evidence was sufficient to permit the jury to conclude therefrom that appellant was a party to the conspiracy which concededly existed. Boxtown, Renault, and Waterloo are villages in Monroe county, Ill., situate a few miles apart. Renault was very small, there being but a few houses in addition to the railroad station.

Appellant had formerly lived at Boxtown, had run a soft drink parlor there, and at the time here in question the name "Zeiger's Bar" appeared upon the windows thereof. The place was run by appellant's brother-in-law. A year or two prior to the trial, which occurred in May, 1928, appellant had moved to Waterloo, and was there ostensibly in the pressed hay business.

The still in question was located upon a farm close to Renault. A truck owned by appellant was used, over an extended period of time, for hauling corn sugar from the railroad station at Renault to the distillery, and when not in such use was kept in Boxtown between a shed and a store operated by appellant's brother-in-law, in which shed large quantities of liquor were found of the sort produced at the still; as were also sugar sacks bearing the brand of the sacks of sugar used at the still. This store and shed were across the street from "Zeiger's Bar." Appellant, although living at Waterloo and having no apparent business at Renault, had shipped to himself at Renault such merchandise as a water pump, and numerous cases of amber bottles of a kind often used for containing liquor, and numerous one-gallon glass containers, and filter paper such as is used in connection with operating a still. The evidence discloses no other use of the truck than that above indicated.

We cannot say that the jury was unwarranted in finding that appellant knowingly participated in the conspiracy. The judgment is affirmed.